The Chancellor.
I do not see upon what principle, or with Avhat propriety, I can allow to the complainant any further compensation than a master of this court would bo entitled to for the performance of like services.
The testator left a large real and personal estate, which he disposed of by his will. The executor discharged all the duties imposed upon him by the will, except the disposition of the real estate. He accounted in the Orphans Court of the comity of Morris, and made his final settlement in that court as executor.
The will directed the complainant, as executor, to make partition of his real estate among certain devisees named in the will. On account of the peculiar character of the estate — it consisting of one valuable ore-bed and its ap *260 purtenances — the executor could not make the partition without very greatly depreciating the value of the property, its value being very greatly enhanced by its being kept undivided. Under these circumstances, the complainant exhibited his bill, setting forth the facts of the case, and praying that the property might be sold, and the proceeds distributed among those interested in the property. All parties in interest consented, and a decree was made accordingly. It is very clear that this sale might, in the discretion of the court, have been made by a master. The duty to be performed was simply to sell the lands, and to divide the proceeds among those entitled to them. The duties were precisely those imposed upon a master in ordinary partition cases where a sale is ordered. It was thought more convenient that the sale should be made by the complainant, as he was well acquainted with the property and its value. He performed the same duties that would have devolved upon a master in making the sale. The complainant assumed no other responsibilities. He performed a specific duty under the order of the court. Why, then, should he be allowed any further compensation for performing the duty than any other officer of the court would be entitled to for a like service ?
In discharging his duty as executor, the complainant was compelled to institute this suit; and this is a proper matter for consideratian in the court where he settles his accounts and where his commissions as executor are allowed. But for performing the specific duty imposed upon him by the decree in this suit, to wit, the sale of the land and the distribution of the proceeds, he is entitled to nothing more than a master of the court would have been for performing the same duty, simply for the reason that the trouble and responsibility are precisely the same.
This subject of compensation was a matter of consultation among those interested before the sale was ordered; and it was certainly understood among the solicitors of the respective parties, that a sale by the complainants *261 would bo attended with no greater expense than it would he if a sale were made by a master. If the solicitor of the complainant had intimated, at the time, that the complainant would expect any larger compensation, I would not have been justified, against the remonstrances of those interested, in putting the estate to any more expense than was necessary to carry out the object of the suit.
The ordinary fees allowed by the rules will be taxed by the clerk; and as is customary where the estate is a large one, and the trouble and labor more than ordinary, I will allow such additional compensation as I would have been willing to allow a master of the court for the same service.